UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH H. O. BATTLE,<br><br>    Petitioner,<br><br>    v.<br><br>JOEL MARTINEZ,<br><br>    Respondent. | No. 2:16-cv-0411 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action proceeds on the petition filed February 25, 2016. (ECF No. 1 ("Ptn.")) Before the court is respondent's motion to dismiss the petition as untimely. (ECF No. 16.) Petitioner has filed an opposition (styled as a "traverse"), and respondent has filed a reply. (ECF Nos. 22 & 23.) For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

FACTUAL AND PROCEDURAL HISTORY

In 2009, an information was filed in Solano County charging petitioner with multiple counts based on the repeated stabbing of petitioner's girlfriend, Danielle Writt, with a ten-inch kitchen knife. Writt underwent several surgeries, followed by speech and physical therapy. As a result of the attack, her face was permanently paralyzed. (Resp's Ex. B., ECF No. 16-1.)

////

1

In February 2010, petitioner's first trial concluded with the jury acquitting petitioner of the attempted murder count but failing to reach a verdict on the remaining two counts. (Id.)

The case was retried, and in November 2010, a Solano County jury convicted petitioner of corporal injury to a spouse or cohabitant, and assault with a deadly weapon by means likely to produce great bodily injury. (Cal. Penal Code §§ 273.5(a), 245(a)(1).) The jury also found true an enhancement for great bodily injury as to each count. In 2011, the trial court sentenced petitioner to an aggregate prison term of ten years. (Id.)

Petitioner appealed the judgment, which was affirmed by the state court of appeal on August 30, 2012. (Resp's Ex. B.) The California Supreme Court denied review on November 14, 2012. (Resp's Ex. C, ECF No. 16-1.)

On May 15, 2015, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. (Ptn. at 3.) On July 13, 2015, the superior court denied the petition as untimely. (Ptn., Ex. 7.)

Petitioner filed a habeas petition in the Court of Appeal for the First Appellate District, which summarily denied the petition on September 17, 2015. (Id.)

Petitioner filed a habeas petition in the California Supreme Court, which summarily denied the petition on January 27, 2016. (Id.)

Petitioner constructively filed his federal petition on February 22, 2016.

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by

3

1  the conclusion of all direct criminal appeals in the state court system followed by the expiration
2  of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at 897 (quoting
3  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

4      Here, petitioner appealed his judgment of conviction. The California Supreme Court
5  denied review on November 14, 2012. The time to seek direct review ended on February 12,
6  2013, when the 90-day period for filing a petition for writ of certiorari with the United States
7  Supreme Court expired. Supreme Court Rule 13. The one-year limitations period began to run
8  the following day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ.
9  P 6(a)). Thus the last day to file a petition was on February 12, 2014, plus any time for tolling.

10      Petitioner asserts that he is entitled to a delayed commencement of the limitations period
11  due to "newly discovered evidence undermining the prosecution's case": specifically, a photo
12  showing defensive wounds on petitioner's right hand. (Ptn. at 5.) Petitioner states that he did not
13  receive this evidence from his trial counsel until May 13, 2015, and that it supports his "actual
14  innocence" claim. (Id. at 6; see also ECF No. 22 at 7-12.) Petitioner submits a copy of the photo,
15  along with a copy of his letter to the Alternate Public Defender in April 2015, requesting the
16  photo. (Ptn. at 43-44.) In the letter, petitioner states that "[t]his particular photo . . . was used in
17  the trial for our defense as Exhibit B. I still do not have this photo. . . . I can use it as an exhibit
18  for my habeas petition. It is a vital photo for asking for an order to show cause or evidentiary
19  hearing in my petition for relief." (Id. at 44.)

20      Under § 2244(d)(1)(D), AEDPA's statute of limitations begins to run when the petitioner
21  knows or through diligence could discover the important facts, not when petitioner discovers their
22  legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001). As petitioner's
23  own letter states that the photo was known to the defense at trial, it is not "newly discovered
24  evidence" under § 2244(d)(1)(D) and does not delay the running of the AEDPA clock.

25      Petitioner commenced this federal habeas action on February 22, 2016[1], more than two

---

[1] Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions alike.

years past the AEDPA deadline.  Thus, absent tolling, the petition is untimely.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

Petitioner's first state habeas petition was filed on May 15, 2015 and was denied by the superior court as untimely.  State time limits are conditions to filing which render a petition not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2) and does not toll the running of the limitation period.  Id.

Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero).  Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  For both these reasons, petitioner is not entitled to statutory tolling.

III. Equitable Tolling

Petitioner asserts that the petition is timely due to equitable tolling of the AEDPA limitations period, as he suffered a mental disorder during the one-year statute of limitations period. (Ptn. at 8.)  In order to address this argument while protecting petitioner's medical privacy, respondent sought leave to file both the motion to dismiss and two hundred pages of petitioner's medical records under seal; this request was granted.  (ECF No. 18.)

The AEDPA statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary

---

Campbell v. Henry, 614 F.3d 1056, 1058–59 (9th Cir. 2010). The mailbox rule in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. Houston, 487 U.S. at 275–76; Roberts v. Marshall, 627 F.3d 768, 770 n. 1 (9th Cir. 2010).

circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is "unavailable in most cases." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills, 628 F.3d at 1099–1100 (internal citations omitted).

The court has reviewed petitioner's mental health records for the period beginning in February 2013, when the limitations period began, and continuing through petitioner's July 2014 discharge from the prison's mental health system. (ECF No. 16-1, Ex. A.) In summary the records show that, while petitioner suffered from major depressive disorder and was briefly suicidal, there is scant evidence that his cognition or thought processes were significantly impaired during this period. Rather, petitioner is consistently described in medical notes as alert, cooperative, goal-directed, stable and similar terms, with no indication of psychotic or delusional symptoms.

In May 2013, petitioner was placed in the Enhanced Outpatient Program (EOP) for depression, for which he was medicated, and within months was anticipating transfer to a lower level of care. During his time in EOP, petitioner suffered bouts of anxiety, but at other times reported feeling good and making future plans. On July 1, 2014, petitioner was discharged from

the prison mental health system, as his depression had improved and he and had been off medications for six months. Petitioner filed his first state habeas petition in May 2015, nearly a year later.

On this record, petitioner has not shown that he was unable to understand the need to timely file a habeas petition, or that his mental state prevented him from filing, during the limitations period. See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (to warrant equitable tolling under Bills, "the mental impairment must be so debilitating that it is the but-for cause for the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence."). Nor has petitioner shown the requisite diligence, as he delayed pursuing habeas remedies even after his depression improved, he was no longer medicated, and he was discharged from the prison's mental health program.

As petitioner does not meet the high bar for equitable tolling of the AEDPA limitations period, the undersigned will recommend dismissal of this action for untimeliness.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 16) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2017

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ bolt0803.mtd_fr